

DIRECT DIAL: (310) 255-6129
EMAIL: mark.mizrahi@ffslaw.com
REPLY TO: Los Angeles
FILE NO.: 27183-837

March 23, 2020

Honorable Lorna G. Schofield
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York, 10007

    Re:    <u>Kellytoy Worldwide, Inc. v. Jay At Play et al., Case No. 20-cv-00585</u>

Dear Judge Schofield:

    Pursuant to the Court's February 7, 2020 and March 20, 2020 Orders, Plaintiff Kellytoy Worldwide, Inc. ("Plaintiff") and defendants Jay At Play International Hong Kong Limited and Jay Franco & Sons, Inc. ("Defendants"), through their counsel, hereby submit this joint letter in advance of the Initial Pretrial Conference calendared for March 26, 2020 at 10:40 AM Eastern.

1. **Brief statement of the nature of the case, the principal claims and defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion**;

    In its Complaint, Plaintiff alleges various trademark and trade dress infringement related claims against Defendants, specifically, Lanham Act infringement of a registered trademark and false designation of origin (15 U.S.C. §§ 1114 and 1125(a)), together with various related common law and state unfair competition claims. Specifically, Plaintiff alleges that it is the owner of the registered trademark SQUISHMALLOW® (also used in the marketplace as SQUISHMALLOWS) used in connection with its highly distinctive line of plush toy designs ("Squishmallows"). Plaintiff also alleges that its Squishmallows share nonfunctional, common, unique features (the "Squishmallows Trade Dress") that distinguish them from the goods of others, such that their overall "look and feel" serve as a designation of source, and that through significant sales, extensive promotion, and wide use of its Squishmallows line of plush toys, Plaintiff has established valuable trademark rights in the Squishmallow Trade Dress. Plaintiff further alleges that, Defendants' promotion and sale of their MUSHMILLOWS branded plush toys infringe upon Plaintiff's SQUISHMALLOWS trademark and Squishmallows Trade Dress.

    Defendants deny all allegations of infringement and contend that there is no likelihood of confusion between Plaintiff's SQUISHMALLOWS Mark or Trade Dress and MUSHMILLOWS fun pillows. Specifically, Plaintiff's Mark is weak as demonstrated by the concurrent use and registration of many other marks utilizing the prefix "SQUISH-"; the parties' marks do not share any words and are dissimilar in sound and meaning; the products at issue are visually dissimilar; Plaintiff has no enforceable trade dress rights due to, among other things, functionality and lack of distinctiveness or secondary meaning; there has been no actual confusion; the products are sold in different retail departments; and Defendants had no intent to confuse.

Honorable Lorna G. Schofield
March 23, 2020
Page 2

Defendants intend to move to dismiss this action. The threshold legal and factual issues include whether this Court may exercise personal jurisdiction over Jay At Play and whether Jay Franco has any connections whatsoever to the alleged infringement.

The major substantive legal and factual issues most important to resolving the case include whether the Squishmallows Trade Dress functions as a trademark, including whether it is distinctive and serves to identify Plaintiff as the source of the product; whether the Squishmallows Trade Dress is functional; whether there is a likelihood of confusion between the appearance of Defendants' accused Plush toys and the Squishmallows Trade Dress; whether there is a likelihood of confusion between Plaintiff's SQUISHMALLOWS trademark and Defendants' MUSHMILLOWS trademark; and whether Plaintiff is entitled to disgorgement of profits and other damages allegedly suffered by Plaintiff resulting from Defendants' alleged infringements. The parties expect that many of these issues will be the subject of dispositive motions.

**2. Subject matter jurisdiction and venue**

Plaintiff's Statement Re: Subject matter jurisdiction and venue

This Court has subject matter jurisdiction over Plaintiff's claims under the federal trademark statute (the "Lanham Act"), 15 U.S.C. § 1051 *et seq.*, and under New York state law. This Court has subject matter jurisdiction over the federal trademark and unfair competition claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.") and 1338(a) ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks."). This Court has subject matter jurisdiction over Plaintiff's New York unfair competition claims pursuant to 28 U.S.C. § 1338(b), in that these claims are joined with a substantially-related claim under the Lanham Act, and/or under 28 U.S.C. § 1367(a).

Venue lies in this judicial district pursuant to 28 U.S.C. § 1391, as a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or defendant is subject to the court's personal jurisdiction with respect to the civil action.

Defendants' Statement

Defendants admit that this Court has subject matter jurisdiction over Plaintiff's claims.

Jay At Play contends that this district is an improper venue for this dispute under 28 U.S.C. § 1391(b) because (i) not all defendants are residents of the State of New York; (ii) none of the events giving rise to Plaintiff's claims occurred in New York; and (iii) there is an alternative judicial district in which this action may properly be brought (the Southern District of Florida).

///

Honorable Lorna G. Schofield
March 23, 2020
Page 3

### 3. Motions.

Defendants object to this Court exercising personal jurisdiction over defendant Jay At Play and contend that defendant Jay Franco has no connection to the alleged infringement, and intend to file a motion to dismiss defendant Jay At Play under Rule 12(b)(2) and to dismiss defendant Jay Franco under Rule 12(b)(6), as described in Defendants' letter to the Court dated February 25, 2020. Plaintiff disputes these allegations.

Plaintiff presently anticipates filing a motion for summary judgment on the issues of functionality, secondary meaning, and trade dress infringement, which may dispose of all the liability claims asserted by Plaintiff in this case.

If this case survives Defendants' anticipated motion to dismiss, Defendants anticipate filing a cross motion for summary judgment on this issues of whether Plaintiff has enforceable trade dress rights, likelihood of confusion, and lack of any damages.

### 4. Discovery.

On March 13, 2020, Plaintiff served discovery requests directed to allegations made by Defendants and their above-referenced Defendants' letter to the Court dated February 25, 2020 concerning their intention to file a motion to dismiss defendant Jay At Play under Rule 12(b)(2) and to dismiss defendant Jay Franco under Rule 12 (b)(2).

Presently, the parties contemplate employing the discovery procedures provided under the Federal Rules, namely, interrogatories, request for documents and things, request for admissions, and depositions, some of which may include third parties that are not located within the District. After some written discovery, the parties intend to proceed with depositions of witnesses.

Plaintiff intends to conduct discovery on at least the following topics:

- Third party discovery concerning Plaintiffs' rights established in the Squishmallow Trade Dress;
- Defendants' access to Plaintiffs' plush toy designs giving rise to the Squishmallow Trade Dress;
- Defendants' development of the Accused Plush;
- Defendants' various uses of the Squishmallow Trade Dress;
- Defendants' customers for the Accused Plush;
- Consumer confusion resulting from Defendants' use of the Squishmallow Trade Dress;
- Acknowledgments by Defendants, their customers, and third parties concerning the similarity between the Accused Plush and the Squishmallow Trade Dress;
- Plaintiff's damages; and
- Defendants' sales and profits realized from the Accused Plush.

Honorable Lorna G. Schofield
March 23, 2020
Page 4

After Defendants complete their document productions in response to Plaintiff's document demands, Plaintiffs expect to take depositions of Defendants' personnel responsible for and/or with knowledge of these various topics.

Defendants intend to conduct discovery on at least the following topics:

- Plaintiff's use of its SQUISHMALLOW Mark and Trade Dress;

- Plaintiff's sales associated with its SQUISHMALLOW Mark and Trade Dress;

- Functionality of Plaintiff's Trade Dress;

- Alleged secondary meaning of Plaintiff's Trade Dress;

- Alleged consumer confusion between SQUISHMALLOW and MUSHMILLOW Marks and Trade Dress; and

- Plaintiff's alleged damages.

**5. Damages**.

Upon proving liability, under the Lanham Act, Plaintiff would be entitled to recover its damages (which may include lost profits) and Defendants' profits under trademark, trade dress and unfair competition theories. Plaintiff also may be entitled to exemplary damages under common law trademark infringement and unfair competition theories.

At present, Plaintiff does not know the number of units of the accused plush toys Defendants have sold. Naturally, Plaintiff's damages will depend, at least in part, upon the number of units sold.

Defendants deny that Plaintiff has suffered any actual damages and that Plaintiff is entitled to any monetary recovery.

**6. Settlement.**

While the parties discussed the prospects of settlement at the Rule 26(f) conference, the parties have not yet exchanged any proposals. The parties would prefer to have the magistrate judge assigned to this case conduct the requisite settlement conference.

///

Honorable Lorna G. Schofield
March 23, 2020
Page 5

**7.    Other information.**

Nothing in addition to what is stated in the previously filed Proposed Case Management Plan.

                                                Respectfully submitted,

                                                Mark B. Mizrahi, for
                                                FREEMAN, FREEMAN & SMILEY, LLP

                                                Arthur Gollwitzer III, for
                                                MICHAEL BEST & FRIEDRICH LLP

4468239.1